## INTERNATIONAL AGRICULTURAL CORP. v. SPARKS.

### In re BONNER McCRAW CO.

(District Court, W. D. South Carolina.  September, 1917.)

1. BANKRUPTCY ⊆⫸140(3)—PROPERTY PASSING TO TRUSTEE—AGENTS.

   Where a bankrupt, which was authorized to sell fertilizers for petitioner under a contract providing that all notes, mortgages, and liens, or cash taken in payment, should be held in trust for petitioner, sold fertilizers, without taking any notes, liens, or mortgages, petitioner is entitled to such accounts as against the trustee in bankruptcy.

2. BANKRUPTCY ⊆⫸288(1)—PROCEEDINGS—PLENARY ACTION—NECESSITY.

   Where petitioner, who authorized the bankrupt to sell fertilizers for its account, was entitled to accounts taken by the bankrupt for the fertilizers sold, it may by summary proceedings compel the trustee to turn over such accounts, without seeking recourse by plenary action.

In Bankruptcy.  In the matter of the bankruptcy of the Bonner Mc-Craw Company.  Petition by the International Agricultural Corporation to compel J. R. Sparks, as trustee of the bankrupt, to turn over accounts.  Petition granted.

Butler & Hall, of Gaffney, S. C., for petitioning creditors.

R. A. Dobson, of Gaffney, S. C., for trustee.

JOHNSON, District Judge.  The International Agricultural Corporation, the petitioner herein, prior to the bankruptcy of the Bonner McCraw Company, had a contract, a copy of which is found in the proceedings herein, by which it was provided that the Bonner McCraw Company should sell fertilizers for the account of the company, and that all notes, mortgages, liens, or cash taken in payment of sale of fertilizer, should be held in trust for the fertilizer company.  Prior to the bankruptcy, the bankrupt sold several thousand dollars worth of fertilizer to various parties, but had not taken notes, liens, or mortgages for the purchase money.

[1] The petitioner claims that the accounts for the purchase money are due to it, and not to the bankrupt, and this is an effort to have the trustee turn over to the petitioner said accounts.  The trustee in bankruptcy makes his return, and vigorously resists the application, relying upon the Case of Roof, reported in 212 Fed. 97, 128 C. C. A. 613, under title of Townsend v. Ashepoo Fertilizer Co.  If that case was controlling, the position of the trustee would be tenable; but the Court of Appeals of the Fourth Circuit, in the case of Ward v. American Agricultural Chemical Co., 232 Fed. 119, 146 C. C. A. 311, has followed a later decision of the Supreme Court of South Carolina, and has overruled the Roof Case.

⊆⫸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] Some question is made by the trustee about the right of the petitioner to recover his accounts in this summary way. It is so clear under the law and the admitted facts in the case that the petitioner is entitled to the accounts that it seems to me it would be trifling with justice to refuse relief on the ground that he had not brought a plenary action. The object of any proceedings is to bring the party into court, and the trustee is before the court, his position has been stated forcibly, and all the facts are known. I do not see how the court could do any more substantial justice if the proceeding were different.

It is therefore ordered and adjudged that the trustee in bankruptcy of Bonner McCraw Company, bankrupt, turn over to the petitioner, International Agricultural Corporation, such accounts as are due for the fertilizers sold by the bankrupt for the account of the petitioner.